JOHN W. HUBER, United States Attorney (#7226)
MARK K. VINCENT, Assistant United States Attorney (#5357)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:18-CR-9-RJS-PMW |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT. |
| vs. | |
| TRAVIS LUKE DOMINGUEZ, | Chief Magistrate Judge Paul M. Warner |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts 3 and 10 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me.

The elements of Count 3, a violation of 18 U.S.C. § 844(e) [Maliciously Conveying False Information], are: *First*, Defendant, through mail, telephone, telegraph, or other instrument of interstate/foreign commerce; *Second*, Maliciously or intentionally conveyed false information; *Third*, In and affecting interstate or foreign commerce; *Fourth*, Knowing it to be false; *Fifth*, Concerning an attempt or alleged attempt being made, or to be made to kill, injure, or intimidate any individual; or unlawfully to damage or destroy any building, vehicle, or other real or personal property; and *Sixth*, By means of fire or an explosive.

The elements of Count 10, a violation of 18 U.S.C. § 875(c) [Threatening Interstate Communication] are: *First*, Defendant knowingly transmitted a message in interstate commerce; *Second*, Defendant intended to send, transmit, or make the communication; and *Third*, Defendant had the purpose of issuing a threat or the knowledge that the communication would be viewed as a threat.

2. I know that the maximum possible penalty provided by law for Count 3 of the Indictment, a violation of 18 U.S.C. § 844(e) [Maliciously Conveying False Information], is a term of imprisonment of 10 years, a fine of $250,000.00, a term of supervised release of 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count 10 of the Indictment, a violation of 18 U.S.C. § 875(c) [Threatening Interstate Communication], is a term of imprisonment of 5 years, a fine of $250,000.00, a term of supervised release of 2 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim or victims of my offense or offenses may be ordered pursuant to 18 U.S.C. § 3663.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.  I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

 a. I have a right to the assistance of counsel at every stage of the proceeding.

 b. I have a right to see and observe the witnesses who testify against me.

 c. My attorney can cross-examine all witnesses who testify against me.

 d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

 e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

 f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

 g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

 h. It requires a unanimous verdict of a jury to convict me.

 i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.  If I plead guilty, I will not have a trial of any kind.

8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.  I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.  I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.  I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

3

I, Travis Luke Dominguez, agree and admit to the following:

On November 24, 2017, I emailed a bomb threat, via the internet (an instrument of interstate/foreign commerce), to the Unified Police Department of Greater Salt Lake (Utah) Tip Line. The bomb threat targeted the Megaplex 20 movie theater located at 3761 West Parkway Plaza Drive, South Jordan, Utah (known as "The District"). The threat stated, "I have just left the Megaplex 20 theatre 6 minutes ago. I placed 3 bombs with enough explosives to level the building killing everyone inside. I also placed 1 chemical weapon bomb that is undetectable by dog, or any high tech gadget you pigs have. It's made from all plastic. Good luck it has a timer to go off at 8:45p.m. tonight. The chemical weapon will spread and kill within 2-3 minutes and inhaling." The threat was malicious, intentional, and conveyed knowingly false information.

On December 31, 2017, I knowingly and willfully emailed a bomb threat and attack, via the internet (an instrument of interstate/foreign commerce), to the Unified Police Department of Greater Salt Lake (Utah) Tip Line. The email/tip stated: "I don't have anything to live for. I have stopped taking my pills a couples days ago but I have smoked some meth laced with spice and flakka and I haven't slept in 2 days. I heard a news story about the shooting in the other state that has hurt many police officers. Well I thought that story was great news. The pigs deserve to die. So after nearing the story, I now have a purpose. Im going to go to the movies at the megaplex 20 @the district and im going to start shooting all the cheaters and kids there, then im going to blow the building up with the pigs inside. I have stayed up for 2 days just to build the bombs and early this morning I planted one inside the theater already and it is set to blow at midnight for the new years eve event that nobody will ever forget! But it isn't only bombs i have i had to leave to go get the rest and now im on my way back to put the rest of the bombs inside and outside. Then im going to start killing as many people and kids i can until the pigs get here. Then im going to have a big stand off and shootout with the police. Oh by the way I will be using human kids for a shield. There isnt nothing you, my cheating wife, my kids or any form of police agency that will be able to stop me. The massacre starts in once i decide the time is right." I knew that the communication would be viewed as a threat.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Counts 3 and 10 of the Indictment.

    b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 1, 2, 4-9, and 11, at the time of sentencing.

    c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

d. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense [or offenses], up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. **Low-End Recommendation.** The United States agrees to recommend at sentencing that I be sentenced at the low-end of the Sentencing Guideline range determined by the Court. I agree that a sentence at the low-end of the Sentencing Guidelines is appropriate. (The parties believe that the low-end of the applicable guideline range is 18 months.) The United States' agreement is based on the facts and circumstances currently known to the United States. If additional facts regarding my history and characteristics or the nature and circumstances of my conduct are discovered prior to sentencing, the United States reserves the right to reconsider this recommendation. I understand that the Court is not bound by the United States' recommendation.

f. **Mental Health Treatment.** I agree that a term of my Supervised Release include that I successfully complete mental health counseling and treatment as prescribed by the United States Probation Office. I will actively participate in, and cooperate with all mental health, substance abuse, and psychiatric aftercare as directed by my U.S. Probation Officer and administered by the treating providers, including taking prescribed medications. This is to include my voluntary admission to an inpatient facility for stabilization should it be deemed necessary. I shall follow all the rules, regulations, and instructions of the treatment staff and comply with the recommended treatment regimen. Additionally, I will waive my rights to confidentiality regarding my mental health and substance abuse treatment in order to allow sharing of information with my supervising U.S. Probation Officer and treatment providers.

g. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the

district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

h. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

i. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*    *    *    *

I make the following representations to the Court:

1. I am 34 years of age. My education consists of High School. I can can read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 30 day of JANUARY, 2019.

_____
TRAVIS LUKE DOMINGUEZ
Defendant

7

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 30 day of JANUARY, 2019.

_____
BENJAMIN C. MCMURRAY
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 30 day of JANUARY, 2019.

JOHN W. HUBER
United States Attorney

_____
MARK K. VINCENT
Assistant United States Attorney